IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLIFFORD GENE WALLACE, #56538-177, MOVANT, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:20-CV-2171-D-BK (CRIMINAL CASE NO. 3:17-CR-572-D) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Clifford Gene Wallace's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

## I. BACKGROUND

In 2018, Wallace pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841, and was sentenced to an aggregate prison term of 146 months—120 months on the firearm possession count and 26 months on the drug count, to be served consecutively. *United*

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

*States v. Wallace*, No. 3:17-CR-572-D-1, Crim. Doc. 35 (N.D. Tex. June 6, 2019), *aff'd*, 774 F. App'x 223 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 659 (2019).

While his direct appeal was pending, the Supreme Court decided *Rehaif v. United States*, 588 U.S. —, 139 S. Ct. 2191 (2019), holding that, in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove that the defendant knew he possessed a firearm and also knew he belonged to the relevant category of persons barred from possessing a firearm.

On August 14, 2020, Wallace timely filed this *pro se* Section 2255 motion, asserting (1) "the '*Rehaif*' case applies to me," (2) counsel was ineffective in connection with the guilty plea, and (3) he "was not in poss. or intent," citing "*U.S. v. Havis*." Doc. 2 at 7. The Court issued a questionnaire to allow Wallace to expound on the conclusory claims. Wallace has now responded. Doc. 4.

After review of all pleadings and the applicable law, the Court concludes that Wallace's *Rehaif* claim is procedurally barred and his remaining claims fail. The Section 2255 motion should therefore be dismissed.

**II. ANALYSIS**

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under Section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

**A. *Rehaif* Claim is Procedurally Barred**

Relying on *Rehaif*, Wallace claims "I was not a felon in poss[ession] nor did I know that I was affecting interstate and foreign commerce." Doc. 2 at 7. Having failed to raise the *Rehaif*

claim on direct appeal, it is procedurally defaulted, absent a showing of cause and prejudice, or that he is actually innocent. *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998) ("[V]oluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").[2]

Wallace does not satisfy the cause-and-actual prejudice exception to excuse his failure to raise the validity of his plea on direct appeal. The unavailability of a legal basis when his plea was entered does not constitute cause. *Bousley*, 523 U.S. at 623-24. Moreover, his claim is not sufficiently "novel" to excuse his procedural default. *Id.* at 622. Indeed, *Rehaif* reversed well-established precedent in the majority of circuit courts, which routinely rejected the argument upon which Wallace relies. *See Rehaif*, 139 S. Ct. at 2201 (Alito, J., dissenting). Likewise, Wallace does not assert his actual innocence. That notwithstanding, he could not fruitfully argue his actual innocence in this case. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The record is replete with evidence that, at the time of his plea, Wallace was well aware of his status as a felon and that he knowingly possessed the firearm in question. Wallace stipulated in the *Factual Resume* in support of his guilty plea that he "knowingly and unlawfully possessed in and affecting interstate and foreign commerce" a firearm after having been previously convicted of a felony and that his "conduct violate[d] 18 U.S.C. § 922(g)(1)." Crim. Doc. 18 at 5. At his rearraignment hearing, he affirmed under oath the truth of that stipulation.

---

[2] Courts can invoke procedural bars *sua sponte* but only after giving the movant an opportunity to respond. *See Willis,* 273 F.3d at 596-97. Here, Wallace will have a chance to oppose the procedural default ruling during the 14-day period for filing objections to the magistrate judge's recommendation. *Id.* at 597 and n.6 (concluding magistrate judge's recommendation provides a reasonable opportunity to oppose application of procedural default).

Crim. Doc. 44 at 17. In addition, the Presentence Report details Wallace's prior convictions and sentences in excess of one year for numerous felony offenses, Crim. Doc. 25-1 at 13-14, 16-17, PSR ¶¶ 40, 42, 46-47, of which he was necessarily aware at the time he possessed the firearm in question. Wallace also concedes his knowledge of his status as a convicted felon at the time of the offense in his *Answers to the Magistrate Judge's Questionnaire*. *See* Doc. 4 at 1 ("I was at the wrong place at the wrong time and since I was a felon the police put everything on me…").

Finally, contrary to Wallace's argument that he "did [not] know that [he] was affecting interstate and foreign commerce," Doc. 2 at 7, *Rehaif* imposed no burden on the Government to prove that he knew at the time of his possession that the firearm was in and affecting interstate or foreign commerce. Thus, Wallace's judicial confession that the firearm was in and affecting interstate commerce, Crim. Doc. 18 at 5, was sufficient to establish that element of the offense and support his guilty plea.

Given the foregoing, Wallace's *Rehaif* claim is procedurally barred.[3]

**B. Remaining Claims Fail**

To be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Shepherd*, 880 F.3d 734, 740-41 (5th Cir. 2018); *see also Boykin v. Alabama,* 395 U.S.

---

[3] Under the facts in this case, even if not procedurally barred, the *Rehaif* claim is unavailing.

238, 244 (1969) (to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence").

In addition, when challenging the validity of his guilty plea, a movant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *Cervantes,* 132 F.3d 1106, 1110. The movant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

Further, to succeed on a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient performance prong, movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. To establish prejudice, movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To demonstrate prejudice in the context of a guilty plea, the movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The movant bears the burden of showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

1. *Counsel was not Ineffective*

In his 2255 motion, Wallace asserts his counsel was ineffective, alleging *in toto*: "My lawyer shows up one day to visit me and he shows me a copy of another indictment saying that 'AUSA John Boyle, is going to hit me with a 924(c) if I did not plead out to the charges.'" Doc. 2 at 7. When asked to clarify what his counsel (Federal Public Defender Stamper) did, he stated:

> I was going to fight the charges and I had something that I needed to get from my state lawyer that was going to help me. To make a long story short, I was at the wrong place at the wrong time and since I was a felon the police put everything on me and I had some statement that was made with my state lawyer "Tom Padras" that was going to help me in these cases. Instead of Mr. Stamper going ahead and trying to get all the paperwork together and then seeing what it all looks like, he (Mr. Stamper) allows Mr. Boyle to come with a rough draft indictment to scare me into going ahead and pleading out to all the charges before he stacks 5 years on to whatever else I get.

Doc. 4 at 1 (*Answers to Magistrate Judge's Questionnaire*).

The record belies Wallace's assertions. In the *Factual Resume*, he affirmed his plea was voluntary. Crim. Doc. 18 at 6. He admitted reviewing "his constitutional rights, the facts of his case, the elements of the offenses of conviction, the statutory penalties, and the Sentencing Guidelines and § 3553(a) with his attorney." *Id.* He conceded that he had "received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and [was] satisfied with his attorney's representation of him." *Id.* Wallace also admitted that he was "guilty of both Counts of the two-count Indictment, and . . . that it [was] in his best interests to plead guilty." *Id.*

Wallace repeated these affirmations at rearraignment. Crim. Doc. 44 at 6-9. He also admitted under oath that he understood the elements of the offense to which he was pleading guilty and confirmed that: (1) he had reviewed the *Factual Resume* with counsel and understood

all of its provisions; (2) no one had made any promises or threats to induce him to enter into the plea; (3) he was freely and voluntarily pleading guilty; and (4) the stipulated facts were true. Crim. Doc. 44 at 7, 16-18.  Moreover, Wallace conceded that he discussed the sentencing guidelines with counsel and understood that the Court would assess his sentence, and that he would be bound by his plea even if the sentence was higher than he expected.  Crim. Doc. 44 at 13-15.

Other than his belated, self-serving assertions, Wallace offers no reliable evidence to rebut the record and the Court's finding that his guilty plea was knowing and voluntary. Moreover, because his statements are uncorroborated, they are insufficient to overcome his sworn testimony and conduct during the Rule 11 hearing.  *See Cervantes*, 132 F.3d at 1110 (finding movant must produce "independent indicia of the likely merit of [his] allegations" to overcome the rearraignment testimony and plea agreement that refuted his allegations).

The Court also notes that Wallace had abundant time after the entry of his guilty plea and through sentencing—over six months—to advise the Court that his guilty plea was involuntary and/or that he was dissatisfied with defense counsel's conduct.  Yet, he voiced no objection or concern.  Crim. Doc. 45 at 11-12.  Clearly, Wallace's unsupported assertion that counsel pressured him to plead guilty is contradicted by the record, including his attestations in the *Factual Resume* and under oath at rearraignment.

Additionally, Wallace has wholly failed to demonstrate prejudice—namely that but for his counsel's allegedly deficient performance, he would not have pleaded guilty and would have insisted on going to trial.  *See Hill*, 474 U.S. at 59.  Wallace offers only his belated, conclusory assertions that he "was going to fight the charges," Doc. 4 at 1, and that is insufficient in light of the evidence to the contrary.

Accordingly, the Court concludes that Wallace has failed in his burden to establish that his guilty plea was not knowing and voluntary and that counsel was ineffective.

   2. *Sentencing Claim is not Cognizable*

Citing "*U.S. v. Havis*," Wallace asserts in his 2255 motion that he "was not in poss. or intent." Doc. 2 at 7. In *United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019) (en banc) (per curiam), the Court of Appeals for the Sixth Circuit held that the career offender definition of "controlled substance offense" under the Sentencing Guidelines does not include attempted crimes. When asked to explain his ground for relief, Wallace avers: "All I am stating is that I had no actually poss. or did I have any intent. I pleaded out because I was scared of 15 to 20 yrs behind bars all because of my past instead of whats actually being charged[.]" Doc. 4 at 2 (grammatical errors in original).

Insofar as Wallace challenges the guideline calculations, his claim is not cognizable on Section 2255 review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (holding misapplication of sentencing guidelines does not give rise to a constitutional issue cognizable under Section 2255). In addition, since he did not present the claim on direct appeal, it is procedurally barred. *See Logan*, 135 F.3d at 355. Again, Wallace cannot satisfy the cause-and-actual prejudice exception to excuse his failure to raise the claim on direct appeal and does not assert his actual innocence. In any event, the claim fails. Although the career offender provision applied to Wallace, the career offender offense level did not, since the adjusted offense level for the Section 922(g)(1) offense was higher. Crim. Doc. 25-1 at 8-9, PSR ¶¶ 24-30.

### III.  CONCLUSION

For the foregoing reasons, Wallace's Section 2255 motion should be summarily **DISMISSED WITH PREJUDICE**, as provided by Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on September 23, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).